# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Inventergy LBS, LLC,**<br><br>　　Plaintiff,<br><br>　　v.<br><br>**Securus Technologies, Inc.,**<br><br>　　Defendant. | Case No. _____<br><br>Patent Case<br><br>Jury Trial Demanded |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Inventergy LBS, LLC ("Inventergy"), through its attorney, Isaac Rabicoff, complains of Securus Technologies, Inc., ("Securus"), and alleges the following:

### PARTIES

1.　　Plaintiff Inventergy LBS, LLC is a corporation organized and existing under the laws of Delaware and maintains its principal place of business at 900 E. Hamilton Ave., Campbell, CA 95008.

2.　　Defendant Securus Technologies, Inc. is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 14651 Dallas Parkway, Suite 600, Dallas, TX 75254.

### JURISDICTION

3.　　This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4.　　This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Securus because it has engaged in systematic and continuous business activities in the District of Delaware. Specifically, Securus provides a full range of products to residents in this District. Securus is also incorporated in the state of Delaware. As described below, Securus has committed acts of patent infringement giving rise to this action within this District.

**VENUE**

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Securus has committed acts of patent infringement in this District and is incorporated in the state of Delaware. In addition, Inventergy has suffered harm in this district.

**THE PATENT-IN-SUIT**

7. Inventergy is the assignee of all right, title and interest in United States Patent No. 9,219,978 (the "'978 Patent" or "Patent-in-Suit"), including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Inventergy possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Securus.

**The '978 Patent**

8. On December 22, 2015, the United States Patent and Trademark Office issued the '978 Patent. The '978 Patent is titled "System and Method for Communication with a Tracking Device." The application leading to the '978 Patent was filed on June 24, 2015; which was a divisional application of U.S. Patent Application No. 13/443,180, that was filed on April 10, 2012; which was a continuation of U.S. Application No. 12/322,941, that was filed on February 9, 2009; which claims priority from provisional application number 61/065,116, that was filed on

February 8, 2008. A true and correct copy of the '978 Patent is attached hereto as Exhibit A and incorporated herein by reference.

9. The '978 Patent is valid and enforceable.

10. The inventors recognized that there was a need for a system and method for providing enhanced communication with tracking devices, while minimizing power consumption and network air time. Ex. A, 1:45–51.

11. The invention in the '978 Patent provides a tracking device with a location detector, communication device, memory processor and configuration routine. *Id.* at 2:1-3.

### COUNT I: INFRINGEMENT OF THE '978 PATENT

12. Inventergy incorporates the above paragraphs herein by reference.

13. **Direct Infringement.** Securus has been and continues to directly infringe at least claim 1 of the '978 Patent in this District and elsewhere in the United States by providing a system, for example, the Securus BLUtag, that satisfies the preamble of claim 1: "A tracking device." For example, Securus's BLUtag is a tracking device. *See* Figure 1.



*Figure 1. Securus's BLUtag is a tracking device.*

14.     The Securus BLUtag satisfies claim element 1(a): "a location detector operative to determine locations of said tracking device." For example, the Securus BLUtag tracks location using a real time GPS monitor, and works digitally. *See* Figure 1.

15.     The Securus BLUtag satisfies claim element 1(b): "a communication device operative to communicate with a remote system." For example, the Securus BLUtag uses nationwide cellular phone service and multiple GSM carriers with cell phones, for example. *See* Figures 2, 3.

- Communicates, or reports into, VeriTracks using nationwide cellular phone service

*Figure 2. The Securus BLUtag communicates with VeriTracks using nationwide cell phone service.*

BLUtag Specs >>

| | |
|---|---|
| Dimensions | 4.33" x 2.08" x 1.25" |
| Weight | Approximately 6 ounces |
| Cellular Phone Networks | Multiple GSM Carriers with Extensive Roaming Capability |
| Case Material | Hypoallergenic, industrial-grade plastic |
| Waterproof | 50 Feet |
| Battery Life Between Charges | 48+ Hours |
| Battery Recharging Period | 1 Hour |
| Battery Life | 24 Months |
| Strap Material | Hypoallergenic, industrial-grade Flexible Plastic Lined with Fiber Optic Cable |
| Clock | Date and time stamping synchronized with the GPS satellites orbiting Earth |

*Figure 3. The Securus BLUtag communicates with cell phone networks through multiple GSM Carriers.*

16.     The Securus BLUtag satisfies claim element 1(c): "memory for storing data and code, said data including location data determined by said location detector and configuration

data." For example, the Securus BLUtag has on-board memory storing up to 10 days of monitoring data. *See* Figure 4.

> - Built-in memory stores up to 10 days of monitoring data

*Figure 4. The Securus BLUtag has on-board memory storing up to 10 days of monitoring data.*

17. The Securus BLUtag satisfies claim element 1(d): "a processor operative to execute said code to impart functionality to said tracking device, said functionality of said tracking device depending at least in part on said configuration data." For example, the Securus BLUtag includes a processor that executes code to determine the location of the BLUtag and sends reports based on one of 3 monitoring modes. *See* Figures 1, 5.

> Three Monitoring Modes >>
>
> BLUtag operates in one of three monitoring modes without changing equipment. The device functions the same way regardless of monitoring mode. The difference between each mode is how quickly the device transmits violation notifications to VeriTracks.

*Figure 5. The Securus BLUtag includes a processor that executes code to determine the location of the BLUtag and sends reports based on one of 3 monitoring modes.*

18. The Securus BLUtag satisfies claim element 1(e): "a configuration routine operative to modify said configuration data responsive to a communication from said remote system." For example, the Securus BLUtag can operate in three different modes, and each mode selected determines how frequently the location is reported. *See* Figure 6.

> **Active monitoring**
> When a violation occurs in active GPS monitoring mode, BLUtag immediately transmits a notification to VeriTracks using nationwide cellular phone service. When enrollees are compliant with their supervision conditions, BLUtag transmits monitoring data to VeriTracks at least once every 15 minutes using nationwide cellular phone service.
>
> **Passive monitoring**
> When monitoring the locations and movements of enrollees in passive mode, BLUtag stores all data in its built-in memory until a pre-determined time. BLUtag transmits the data to VeriTracks using nationwide cellular phone service.
>
> **Hybrid monitoring**
> This mode is a combination of active and passive monitoring. Some violations report immediately and others are stored in BLUtag's built-in memory until a pre-determined time. Inclusion zone violations and equipment tampers report immediately. All other violations and events are stored in BLUtag's built-in memory until a pre-determined time, the enrollee charges BLUtag's battery or the supervising agent initiates a Location Request.

*Figure 6. The Securus BLUtag can operate in three different modes, and each mode selected determines how frequently the location is reported.*

19. The Securus BLUtag satisfies claim element 1(f): "a buffering routine operative to buffer location data indicative of a plurality of said locations when said communication device is unable to communicate with said remote system." For example, the Securus BLUtag receives one location point per minute, and store the location point in its memory if it cannot communicate with the server, based on a lack of cellular coverage. *See* Figures 4, 6-7.

> BLUtag receives one GPS location point per minute, regardless of violation status. This industry standard helps increase the level of public safety and enrollee accountability because it does not create gaps of time where the enrollee's location is unknown.

*Figure 7. The Securus BLUtag receives one location point per minute and store the location point in its memory if it cannot communicate with the server, based on a lack of cellular coverage.*

20. The Securus G-sat satisfies claim element 1(g): "a reporting routine operative to transmit said location data indicative of said plurality of said locations when said communication device is able to communicate with said remote system." For example, the Securus BLUtag has a

6

reporting mechanism that is activated when requested if the communication server cannot communicate with the BLUtag. *See* Figure 6.

21. **Induced Infringement.** Securus has also actively induced, and continues to induce, the infringement of at least claim 1 of the '978 Patent by actively inducing its customers, including merchants and end-users to use Securus's system in an infringing manner as described above. Upon information and belief, Securus has specifically intended that its customers use its system in a manner that infringes at least claim 1 of the '978 Patent by, at a minimum, providing access to support for, training and instructions for, its system to its customers to enable them to infringe at least claim 1 of the '978 Patent, as described above. Even where elements required to infringe at least claim 1 of the '978 Patent are accomplished by Securus and Securus's customer jointly, Securus's actions have solely caused all of the elements to be performed.

22. Inventergy is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

23. Inventergy will continue to be injured, and thereby caused irreparable harm, unless and until this Court enters an injunction prohibiting further infringement.

### JURY DEMAND

24. Under Rule 38(b) of the Federal Rules of Civil Procedure, Inventergy respectfully requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Inventergy asks this Court to enter judgment against Securus, granting the following relief:

    A.    A declaration that Securus has infringed the Patent-in-Suit;

B.      An award of damages to compensate Inventergy for Securus's direct infringement of the Patent-in-Suit;

C.      An order that Securus and its officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with them, be preliminarily and permanently enjoined from infringing the Patent-in-Suit under 35 U.S.C. § 283;

D.      An award of damages, including trebling of all damages, sufficient to remedy Securus's willful infringement of the Patent-in-Suit under 35 U.S.C. § 284;

E.      A declaration that this case is exceptional, and an award to Inventergy of reasonable attorneys' fees, expenses and costs under 35 U.S.C. § 285;

F.      An accounting of all damages not presented at trial;

G.      An award of prejudgment and post-judgment interest; and

H.      Such other relief as this Court or jury may deem proper and just.

Date: November 15, 2018

Respectfully submitted,

s/ Timothy Devlin
Timothy Devlin
Devlin Law Firm LLC
1306 N. Broom St., Suite 1
Wilmington, DE 19806
302.449.9010
302.353.4251
tdevlin@devlinlawfirm.com

Isaac Rabicoff
(*Pro Hac Vice Admission Pending*)
Kenneth Matuszewski
(*Pro Hac Vice Admission Pending*)
RABICOFF LAW LLC
73 W Monroe St.
Chicago, IL 60603

(773) 669-4590
isaac@rabilaw.com
kenneth@rabilaw.com

*Counsel for Plaintiff*